DONALD HUTCHINGS, Plaintiff-Appellee, v. COLUMBIA GYMNASTIC ASSOCIATION, d/b/a TURNER HALL, Defendant-Appellant.

(No. 73-183; )

Fifth District—August 7, 1974.

Goldenhersh and Goldenhersh, of Belleville (Michael J. Katz, of counsel), for appellant.

Crowder & Adams, Ltd., of Columbia, for appellee.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

This suit was brought under the Illinois Dram Shop Act (Ill. Rev. Stat. 1969, ch. 43, par. 135) which at the time of the occurrence in question read:

"Every person who is injured in person or property by any intoxicated person, has a right of action in his own name, severally or jointly, against any person who by selling or giving alcoholic

liquor, causes the intoxication, in whole or in part, of such person. Any person owning, renting, leasing or permitting the occupation of any building or premises with knowledge that alcoholic liquors are to be sold therein, or who have leased the same for other purposes, shall knowingly permit therein the sale of any alcoholic liquors that have caused, in whole or in part, the intoxication of any person, shall be liable, severally or jointly, with the person selling or giving the liquors. * * *" (Ill. Rev. Stat. 1969, ch. 43, par. 135.)

The statute was amended in 1971 by deletion of the words "in whole or in part."

Appellant's sole contention is that the trial court erred in giving an instruction based on the 1969 statute which was in effect at the time of the occurrence, rather than the 1971 statute which was in effect at the time the case was tried. Appellant argues that the trial court erred in failing to give retroactive application to the 1971 amendment.

■■ This same contention was made and decided adversely to the appellants in *Edenburn v. Riggins*, 13 Ill.App.3d 830, 301 N.E.2d 132, which we adopt as our rationale in this case.

. We find no error of law appears, that an opinion in this case would have no precedential value, and that the judgment is not against the manifest weight of the evidence.

■■ We therefore affirm in accordance with Supreme Court Rule 23 (Ill. Rev. Stat., ch. 110A, par. 23).

Judgment affirmed.

EBERSPACHER and CARTER, JJ., concur.